IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALEJANDRA MADRID, ANTONIO MADRID, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | No. |
| CITY OF BERWYN, a municipal corporation, OFFICER MICHAEL OCHSNER, JR., Star No. 226, OFFICER RICKEY SMITH, Star No. 266, SERGEANT LEILANI CAPPETTA, Star No. 315, Berwyn Police Officers in their individual capacity, | ) ) ) ) ) ) ) ) ) ) | FILED: JULY 3, 2008<br>08CV3837<br>JUDGE LINDBERG<br>MAGISTRATE JUDGE VALDEZ<br>JH |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES the Plaintiffs, Alejandra Madrid and Antonio Madrid, by and through their attorneys, DVORAK, TOPPEL & BARRIDO, LLC., and complaining of Defendants City of Berwyn, Officer Michael Ochsner, Jr. (Star No. 226), Officer Rickey Smith (Star No. 266), and Sergeant Leilani Cappetta (Star No. 315)(hereinafter "the Defendant Officers"), and state as follows:

**Jurisdiction/Venue**

1. This incident occurred on July 4, 2007 in the City of Berwyn, County of Cook, Illinois.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a), the Constitution of the United

1

States, and the supplementary jurisdiction of this Court, as provided under 28 U.S.C. § 1367(a).

3. Venue is appropriate in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) as at least one of the Defendants resides in Cook County, located in this District.

## Parties

4. At all relevant times pertaining to this occurrence, Plaintiffs Alejandra and Antonio Madrid were residents of the City of Berwyn, Cook County, Illinois.

5. At all relevant times pertaining to this occurrence, Defendant City of Berwyn was a municipal corporation, and the principal employer of the Defendant Officers, who were acting under color of law and within the course and scope of their employment with the City of Berwyn.

6. Defendant Michael Ochsner, Jr. was at all times material to this Complaint a police officer and employee of the Defendant City of Berwyn's police department.  Defendant Ochsner is sued in his individual capacity.

7. Defendant Rickey Smith was at all times material to this Complaint a police officer and employee of the Defendant City of Berwyn's police department.  Defendant Smith is sued in his individual capacity.

8. Defendant Leilani Cappetta, the highest ranking supervisor present at the scene at the time of the incident, was at all times material to this Complaint a Sergeant and employee of the Defendant City of Berwyn's police department.  Defendant Cappetta is sued in her individual and supervisory capacity.

## Facts

9. On July , 2007, Plaintiffs were celebrating the Fourth of July holiday at their home.

10. One or more officers with the Defendant City of Berwyn approached Antonio Madrid,

alleging he possessed fireworks, and despite the fact that Mr. Madrid accepted the citation issued him, when Mr. Madrid attempted to return to his family, Defendant Cappetta shoved Mr. Madrid from behind.  Mr. Madrid posed no threat, was not then under arrest, and initiated no physical contact with the Defendant Officers.  Defendant Cappetta shoved Mr. Madrid without lawful justification.

11.     Immediately thereafter, Defendants Smith and Ochsner both tasered Plaintiff Antonio Madrid without warning, without cause, and without legal justification.  One taser struck Mr. Madrid in the front of his person and the other in his back.  As a result of this unprovoked attack, *inter alia*, Plaintiff suffered injuries, including but not limited to a herniated disc in his upper neck and a pinched nerve in his upper neck that required surgery.

12.     The Defendant Officers caused criminal charges to be lodged against Mr. Madrid.  At the end of a jury trial and two days of deliberations, Mr. Madrid was found guilty of resisting arrest.  However, the jury was improperly instructed that the State of Illinois was not required to prove physical resistance by Mr. Madrid.

13.     Further, the prosecutor was inappropriately allowed to argue to the jury that no act of physical resistance was required to convict the Plaintiff of resisting arrest; this was done in clear violation of Illinois law, which requires the State to prove physical resistance beyond all reasonable doubt in order to convict a criminal defendant of resisting arrest.  Mr. Madrid is appealing the verdict.

14.     Regardless of the propriety of the verdict, the alleged act of resistance did not justify the tasering of Plaintiff Antonio Madrid two times, without cause or provocation, and in such a manner that caused severe, debilitating injuries to Plaintiff.

15. Plaintiff Alejandra Madrid was made to watch her husband be jolted with electricity multiple times and witness at least one of the taser prongs be ripped from Mr. Madrid's back by Defendant Ochsner, all the while knowing the Defendant Officers had no justification for their actions.

16. Defendant Ochsner arrested Mrs. Madrid without legal justification and/or probable cause. Mrs. Madrid was charged with attempted obstruction of justice, a Class A Misdemeanor with a maximum penalty of one year in jail. Defendant Ochsner made this false arrest and criminal complaint knowing Mrs. Madrid had committed no crime.

17. Plaintiff Alejandra Madrid knew she faced up to one year in prison if convicted, and all three Defendant Officers were aware of same.

18. Defendant Ochsner arrested Mrs. Madrid in retaliation to her verbal protests of the unlawful tasering and physical abuse of her husband. Thereafter, Defendant Ochsner submitted false police reports claiming that Mrs. Madrid had jumped onto his back while Defendant Ochsner attempted to arrest Mr. Madrid.

19. Likewise, Defendant Cappetta submitted a false report alleging that Mrs. Madrid physically obstructed Defendant Ochsner from making an arrest.

20. At Plaintiffs' trial, all three Defendant Officers falsely testified that Plaintiff Alejandra Madrid physically obstructed the arrest of Mr. Madrid, knowing this to be untrue, and knowing further that a conviction could carry a penalty of up to one year in jail.

21. Like her husband, Plaintiff Alejandra Madrid was forced to hire counsel to defend against these false accusations and was thus forced to return to court on multiple occasions.

22. Finally, on or about April 8, 2008 after a jury trial, Plaintiff Alejandra Madrid was found

not guilty.  As a result of the actions by the Defendant Officers, Mrs. Madrid suffered extreme emotional distress, which stemmed from the date of incident and continues at present, all due to the outrageous actions of the Defendant Officers.

### COUNT I - 42 U.S.C. § 1983 False Arrest

(Plaintiff Alejandra Madrid v. Defendant Ochsner)

23. Plaintiff re-alleges paragraphs 1-22 and incorporates them herein as though stated in full.

24. The actions of the Defendant Ochsner in falsely seizing, searching and ultimately arresting Plaintiff without probable cause violated Plaintiff's rights under the Fourth Amendment to the United States Constitution to be secure in her person, papers, and effects against unreasonable searches and seizures; thus, Defendant Ochsner violated 42 U.S.C. § 1983.

25. As the proximate result of the aforementioned actions by the Defendant, Plaintiff suffered significant loss of freedom, extreme emotional suffering, and psychological damage.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff Alejandra Madrid demands compensatory damages against Defendant Ochsner, and because he acted maliciously, wantonly and oppressively, Plaintiff demands substantial punitive damages, plus costs, attorney's fees and any other additional relief this Court deems equitable and just.

### COUNT II - Illinois State Law Claim of False Imprisonment

(Plaintiff Alejandra Madrid v. Defendant City of Berwyn)

26. Plaintiff re-alleges paragraphs 1-22 and incorporates them herein as though stated in full.

27. One or more Berwyn police officers, as employees with the Defendant Municipality, placed handcuffs or similar restraints onto the Plaintiff on the day of the incident and arrested Plaintiff, restricting Plaintiff's freedom of movement without legal justification.

28.     The actions of one or more of these officers were the direct and proximate cause of the injuries suffered by Plaintiff, as described above.

29.     One or more of said officers were acting in the course and scope of their employment with the Defendant Municipality in taking these unlawful actions against the Plaintiff, and thus the City of Berwyn is liable based on the theory of *respondeat superior*.

WHEREFORE, Plaintiff demands compensatory damages against the Defendant City of Berwyn, plus costs and any other additional relief this Court deems equitable and just.

### COUNT III - Illinois State Law Claim of Malicious Prosecution

(Plaintiff Alejandra Madrid v. Defendants Ochsner, Smith, Cappetta, and City of Berwyn)

30.     Plaintiff re-alleges paragraphs 1-22 and incorporates them herein as though stated in full.

31.     Plaintiff was falsely charged with a Class A Misdemeanor offense, even though the Defendant Officers knew there was no probable cause for these charges to be filed against the Plaintiff.  The Defendant Officers took such actions with malicious intent to prosecute the Plaintiff in an effort to cover-up their actions and the actions of their fellow officers.

32.     The Defendant Officers' actions played a substantial role in the prosecution of Plaintiff.

33.     In taking these actions, the Defendant Officers acted within the course and scope of their employment with the City of Berwyn, and thus the Defendant Municipality is liable under the theory of *respondeat superior*.

34.     On or about April 8, 2008, the Plaintiff's case was terminated in a manner consistent with her innocence.

WHEREFORE, Plaintiff demands compensatory damages against the Defendant Officers and the City of Berwyn, plus punitive damages against the Defendant Officers as well as costs

and any other additional relief this Court deems equitable and just.

### COUNT IV - Illinois State Law Claim of Intentional Infliction of Emotional Distress

(Plaintiff Alejandra Madrid v. Defendants Ochsner, Smith, and Cappetta)

35. Plaintiff re-alleges paragraphs 1-22 and incorporates them herein as though stated in full.

36. The intentional acts of the Defendant Officers constitute extreme and outrageous conduct, beyond all bounds of decency, and these outrageous acts inflicted severe emotional distress and mental anguish on Plaintiff.

37. As a proximate result of the Defendant Officers' intentional actions, Plaintiff has suffered severe mental anxiety, and sever emotional and physical distress.

38. The Defendant Officers acted willfully and maliciously in their treatment of Plaintiff.

WHEREFORE Plaintiff Alejandra Madrid demands compensatory damages, substantial punitive damages, attorney's fees, costs, and any other such additional relief this Court deems equitable and just.

### COUNT V - § 1983 Excessive Force

(Plaintiff Antonio Madrid v. Defendants Ochsner and Smith)

39. Plaintiff re-alleges paragraphs 1-22 and incorporates them herein as though stated in full.

40. The actions of Defendants Ochsner and Smith in using unreasonable and unjustifiable force against the Plaintiff violated his Fourth and Fourteenth Amendment rights under the United States Constitution and thus violated 42 U.S.C. §1983.

41. The actions of Defendants Ochsner and Smith were the direct and proximate cause of the violations of Plaintiff's Fourth and Fourteenth Amendment rights, and were the proximate cause of the Plaintiff's injuries, described more fully above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages against Defendants Ochsner and Smith jointly and severally, and because they acted maliciously, wantonly, or oppressively, substantial punitive damages, plus costs of this action, plus attorney's fees and any other additional relief this Court deems equitable and just.

### COUNT VI - § 1983 Failure to Intervene to Prevent a False Arrest and in the Use of Excessive Force

(Plaintiffs v. Defendants Ochsner, Smith, and Cappetta)

42. Plaintiffs re-allege paragraphs 1-22 and incorporates them herein as though stated in full.

43. The actions or inactions of Defendants Ochsner, Smith, and Cappetta in failing to intervene and protect Plaintiffs from excessive, unreasonable and unjustifiable force and false arrest despite the duty and opportunity to do so, violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution and thus violated 42 U.S.C. § 1983 and were the direct and proximate cause of Plaintiffs' injuries described more fully above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiffs demand compensatory damages against Defendants Ochsner, Smith, and Cappetta, and because they acted maliciously, wantonly, or oppressively, substantial punitive damages, plus costs of this action, plus attorney's fees and any other additional relief this Court deems equitable and just.

### COUNT VII - Illinois State Claim of Battery

(Plaintiff Antonio Madrid v. Defendant City of Berwyn)

44. Plaintiff re-alleges paragraphs 1-22 and incorporates them herein as though stated in full.

45. The actions of one or more police officers for the City of Berwyn were affirmative acts intended to cause a contact of a harmful and/or offensive nature to which Plaintiff did not

consent, and thus constituted battery under the laws and Constitution of the State of Illinois. Furthermore, these acts directly and proximately caused Plaintiff's injuries, pain and suffering as alleged above.

46. The actions of one or more police officers for the City of Berwyn in committing battery under Illinois law was done in the course and scope of their employment as police officers with Defendant City of Berwyn.

47. Defendant City of Berwyn, as principal and employer of Defendants Ochsner and Smith is liable under the principle of *respondeat superior* for state law battery committed by these Defendants during the course and scope of their employment.

WHEREFORE, Plaintiff demands compensatory damages against Defendant City of Berwyn, and because they acted maliciously, wantonly, or oppressively, substantial punitive damages against the Defendant Officers, plus costs of this action, plus attorney's fees and such other additional relief as this Court deems equitable and just.

## COUNT VIII - Indemnification

(Plaintiffs v. Defendant City of Berwyn)

48. Plaintiffs re-allege paragraphs 1-22 and incorporates them herein as though stated in full.

49. The Defendant City of Berwyn is the indemnifying entity for the actions described in this Complaint; to wit, the actions of the Defendant Officers against Plaintiffs, which were taken while acting under color of law and in the course an scope of their employment with the City of Berwyn.

WHEREFORE, should the Defendant Officers be found liable on one or more of the claims set forth herein, Plaintiffs demand that the Defendant City of Berwyn be found liable for

any judgment, other than punitive damages, Plaintiffs obtain thereon.

## COUNT IX - *Monell*

(Plaintiff Antonio Madrid v. Defendant City of Berwyn)

50. Plaintiff re-alleges paragraphs 1-22 and incorporates them herein as though stated in full.

51. Defendant City of Berwyn is sued in this count in its official capacity.

52. At all times material to this Complaint, it was the policy, practice, custom and/or usage of Defendant City of Berwyn to fail to supervise and/or properly train its police officers in the proper use of force, including but not limited to the proper use and deployment of tasers.

53. Said policy, practice, custom and/or usage denied Plaintiff his constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution, and thus violated 42 U.S.C. § 1983.

54. Said policy, practice, custom and/or usage was the driving force and the direct and proximate cause of Plaintiff's emotional and physical injuries, resulting in severe physical and emotional injuries.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages against Defendant City of Berwyn, plus costs of this action, plus attorney's fees and any other additional relief this Court deems equitable and just.


**PLAINTIFFS DEMAND TRIAL BY JURY.**

             Respectfully submitted,

             <u>s/ Richard Dvorak</u>
             Richard Dvorak,
             One of the Attorneys for Plaintiff

Richard Dvorak
DVORAK, TOPPEL & BARRIDO, LLC.
3859 W. 26th St.
Chicago, IL 60623
(7732) 521-1300
(773) 521-4400 (fax)
Attorney No. 6269687
richard_dvorak@civilrightsdefenders.com